IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JEROME COACHMAN, | : |
| Petitioner, | : |
| VS. | : |
| | : NO. 7:16-CV-00050-HL-TQL |
| STATE OF GEORGIA, | : |
| Respondent. | : |

## ORDER

Petitioner Jerome Coachman, a state prisoner most recently confined at the Lowndes County Jail in Valdosta, Georgia, filed a document in this Court in which he appeared to challenge his probation revocation in the State Court of Lowndes County. In accordance with the Court's previous Orders, Petitioner recast his Petition on the Court's standard habeas form and filed a motion to proceed *in forma pauperis*. Upon reviewing those filings, the United States Magistrate Judge denied Petitioner's motion to proceed *in forma pauperis* and ordered Petitioner to pay the $5.00 filing fee and supplement his Petition to explain whether he had exhausted his state court remedies. Petitioner was further advised that he could withdraw his petition if he did not wish to pursue habeas relief at this time, given twenty-one (21) days to comply with Court's Order, and warned that failure to fully and timely comply with the Court's Order may result in the dismissal of his Petition. Petitioner was also instructed to keep the Court advised of any change of address. (Order, June 15, 2016, ECF No. 9.)

Petitioner subsequently sent a letter to the Court advising that he "sent the five dollars for the application fee" and would also send another $5.00 money order to "ensure the civil process not be postponed."  (Letter, June 24, 2016, ECF No. 10.)   The Court has not received the filing fee in this case, nor has the Court received a clear explanation regarding how Petitioner has fully exhausted his state remedies.  Thus, the United States Magistrate Judge ordered Petitioner on August 2, 2016 to respond and show cause why this action should not be dismissed for failure to comply with the Court's orders and instructions.  Petitioner was given twenty-one (21) days to respond to the show cause order and again warned that his failure to respond could result in the dismissal of his Petition for failure to comply.  (Order, Aug. 2, 2016, ECF No. 11.)

The time for responding to the Show Cause Order has passed, and Petitioner has still failed to pay the filing fee or supplement his Petition as ordered.   Petitioner has also failed to file any response to the Show Cause Order explaining why he failed to timely comply with the Magistrate Judge's previous orders.  Petitioner additionally neglected to advise the Court of any address change as instructed, and the show cause order has been returned to the Court as undeliverable (ECF No. 12).

Petitioner's failure to fully and timely comply with these orders leads the Court to believe that he is no longer interested in pursuing this case.  Thus, because of Petitioner's failure to pay the required filing fee, failure to comply with the Court's instructions and orders, and failure to otherwise diligently prosecute this action, his Petition shall be **DISMISSED without prejudice.**  See Fed. R. Civ. P. 41; see also Slack v. McDaniel, 529 U.S. 473, 489 (2000) (noting that the failure to comply with a court order is grounds for

2

dismissal in a habeas case).

Dismissal is also appropriate because it appears from the face of his Petition that Petitioner has failed to exhaust his state court remedies. Under the rules governing habeas corpus actions, district courts are required to promptly examine every application filed and thereafter enter a summary dismissal "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. § 2254 Rule 4; *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also* 28 U.S.C. § 2243. The federal habeas corpus statute, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "limits the power of a federal court to grant a writ of habeas corpus vacating the conviction of a state prisoner on the ground that the conviction was obtained in violation of the Constitution of the United States." *Hardy v. Comm'r, Ala. Dep't of Corr.*, 684 F.3d 1066, 1074 (11th Cir. 2012) (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011); 28 U.S.C. § 2254(b)–(c)). One of those limitations is that a district court "may not grant such applications unless . . . the applicant has exhausted state remedies." *Cullen*, 131 S. Ct. at 1398. A state prisoner is required (with few exceptions) to "exhaust[] his state remedies by presenting his constitutional claim to the State courts, to afford them an opportunity to correct any error that may have occurred." *Hardy*, 684 F.3d at 1074.

"A failure to exhaust occurs . . . when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Pope v. Sec'y for Dep't of Corr.* 680 F.3d 1271, 1284 (11th Cir. 2012) (internal alterations omitted); *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (per

3

curiam).  The exhaustion requirement thus reflects a policy of comity between state and federal courts and reduces "friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) (alteration in original).  "If a petitioner fails to exhaust his state remedies, a district court must dismiss the petition without prejudice to allow for such exhaustion."  *Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013) (per curiam).

In this case, Petitioner's application plainly shows that he has failed to fully exhaust. Petitioner stated in his recast petition that he did not appeal from the judgment of conviction or file any other petition, application, or motion concerning the judgment of conviction in any state court.  (*See, e.g.,* Recast Pet. Writ Habeas Corpus 2-3, May 27, 2016, ECF No. 7.)  Petitioner did mention in a letter to the Court that he filed an "informal petition on April 8th, 2016 that initiated the appeal process," (Letter 1), but it is unclear whether that petition was filed with a state court; and perhaps more importantly, Petitioner has not alleged that any court has ruled on that petition.  As such, it is plain from the face of Petitioner's petition that he has failed to fully exhaust his state remedies.  Because this failure to exhaust cannot be cured by providing Petitioner an opportunity to amend, his application shall be **DISMISSED without prejudice**.  After Petitioner has afforded the State a full opportunity to review his grounds for relief, he may return to federal court, if necessary.

In sum, Petitioner's application for federal habeas corpus relief must be **DISMISSED without prejudice** for failing to comply with the Court's orders and instructions and for failing to fully exhaust his state court remedies. Petitioner also has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. §2254, Rule 11(a). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because it is clear on the face of this application that Petitioner failed to exhaust available state judicial remedies before filing in federal court and that Petitioner failed to comply with the Court's orders and instructions, reasonable jurists could not find that a dismissal of the instant action was debatable or wrong. Petitioner is accordingly **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

**SO ORDERED**, this 9th day of September, 2016.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE